**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
AMY I. BORLUND (SBN 205361)
aborlund@dollamir.com
515 S. Flower Street, Suite 1812
Los Angeles, California 90071
Tel: 213.542.3380
Fax: 213.542.3381

Attorneys for Defendant,
CAPITAL ONE, N.A.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN PHUNG,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | Case No. 3:25-cv-03278-WQH-MMP<br><br>*Assigned to District Judge William Q. Hayes; Referred to Magistrate Judge Michelle M. Pettit*<br><br>**DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: 11/24/2025<br>Trial Date: TBD |



DOLL AMIR & ELEY LLP

Defendant Capital One, N.A., (hereinafter, "Capital One"), by and through its undersigned counsel, answers the Complaint for Damages filed by Plaintiff Kevin Phung ("Plaintiff") as follows:

Except as expressly admitted or qualified below, Capital One denies each and every allegation in the Complaint.

## INTRODUCTION

1. Answering paragraph 1, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that Plaintiff purports to allege claims based on the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"). Capital One denies any remaining allegations set forth in paragraph 1. By way of further answer, Capital One denies it uses an automatic telephone dialing system ("ATDS") as it is defined by the TCPA and the United States Supreme Court in *Facebook, Inc. v. Duguid et al.*, No. 19-511, 2021 U.S. LEXIS 1742 (Apr. 1, 2021). Capital One also denies that it uses telephone equipment with the capacity to store telephone numbers using a random or sequential number generator or the capacity to generate telephone numbers using a random or sequential number generator.

2. Answering paragraph 2, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that Plaintiff purports to allege claims based on the Rosenthal Act and denies the remaining allegations in paragraph 2.

3. Answering paragraph 3, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that Plaintiff purports to allege claims based on the TCPA and denies the remaining allegations in paragraph 3.

4. Answering paragraph 4, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is

required, Capital One denies the allegations in paragraph 4.

5. Answering paragraph 5, Capital One contends that it is constitutes a statement of law to which no response is required, as the cited authority speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant caselaw cited.

6. Answering paragraph 6, Capital One contends that it is constitutes a statement of law to which no response is required, as the cited authority speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant caselaw cited.

7. Answering paragraph 7, Capital One contends that it is constitutes a statement of law to which no response is required, as the cited authority speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant caselaw cited.

8. Answering paragraph 8, Capital One contends that it is constitutes a statement of law to which no response is required, as the cited authority speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant caselaw cited.

9. Answering paragraph 9, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. Answering paragraph 10, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

**JURISDICTION & VENUE**

11. Answering paragraph 11, Capital One admits only that Plaintiff purports to allege claims based on the TCPA and the Rosenthal Act. Capital One denies the remaining allegations set forth in paragraph 11.

12. Answering paragraph 12, Capital One contends that it is comprised of

legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that this Court would have jurisdiction over this case but for the fact that Plaintiff lacks Article III standing under the United States Constitution. Capital One denies any remaining allegations set forth in paragraph 12.

13. Answering paragraph 13, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that this Court would have jurisdiction over this case but for the fact that Plaintiff lacks Article III standing under the United States Constitution. Capital One denies any remaining allegations set forth in paragraph 13.

14. Answering paragraph 14, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that this Court would have jurisdiction over this case but for the fact that Plaintiff lacks Article III standing under the United States Constitution. Capital One denies any remaining allegations set forth in paragraph 14.

15. Answering paragraph 15, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One does not dispute that Venue is proper for the purposes of this response. Capital One denies any remaining allegations set forth in paragraph 15.

**PARTIES**

16. Answering paragraph 16, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

17. Answering paragraph 17, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

18. Answering paragraph 18, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is

required, Capital One admits only that Capital One, N.A. is a national banking association, that its headquarters are in McLean, Virginia and that it does business throughout the United States, including in California. Capital One denies the remaining allegations in paragraph 18, if any.

19. Answering paragraph 19, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

20. Answering paragraph 20, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that it communicates with its customers regarding their accounts with Capital One. Capital One denies the remaining allegations in paragraph 20.

21. Answering paragraph 21, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies that it is a corporation. Capital One further responds that 47 U.S.C. § 153(39) speaks for itself and refers Plaintiff to the statute. Capital One denies the remaining allegations in paragraph 21, if any.

22. Answering paragraph 22, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One admits only that it communicates with its customers regarding their accounts with Capital One. Capital One denies the remaining allegations in paragraph 22.

23. Answering paragraph 23, Capital One contends that it constitutes a statement of law to which no response is required, as the statutes speak for themselves. To the extent a response is required, Capital One refers Plaintiff to the relevant statutes.

24. Answering paragraph 24, Capital One contends that it is comprised of

legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 24.

25. Answering paragraph 25, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies that it is a corporation. Capital One further responds that 47 U.S.C. § 153(39) speaks for itself and refers Plaintiff to the statute. With respect to the remaining allegations in paragraph 25, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

26. Answering paragraph 26, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and therefore denies them.

## GENERAL ALLEGATIONS

27. Answering paragraph 27, Capital One hereby repeats and incorporates by reference its responses to all of the preceding paragraphs of the Complaint.

28. Answering paragraph 28, Capital One admits that Plaintiff opened a Platinum Mastercard credit card account (which is now a Quicksilver account) with Capital One in or about August 2019, with an account number ending in -1041 (the "Account"). With respect to the remaining allegations in paragraph 28, if any, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

29. Answering paragraph 29, Capital One admits that Plaintiff stopped making payments on the Account in approximately February of 2025. With respect to the remaining allegations in paragraph 29, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations and therefore denies them.

30. Answering paragraph 30, Capital One contends that it is comprised of

legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 30.

31. Answering paragraph 31, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 and therefore denies them.

32. Answering paragraph 32, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 and therefore denies them.

33. Answering paragraph 33, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and therefore denies them.

34. Answering paragraph 34, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 and therefore denies them.

35. Answering paragraph 35, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 and therefore denies them.

36. Answering paragraph 36, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 and therefore denies them.

37. Answering paragraph 37, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 and therefore denies them.

38. Answering paragraph 38, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 and therefore denies them.

39. Answering paragraph 39, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 and therefore denies them.

40. Answering paragraph 40, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 40.

41. Answering paragraph 41, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 41.

42. Answering paragraph 42, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 42.

43. Answering paragraph 43, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and therefore denies them.

44. Answering paragraph 44, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 and therefore denies them.

45. Answering paragraph 45, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 and therefore denies them.

46. Answering paragraph 46, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies that it called Plaintiff using an automatic telephone dialing system. With respect to the remaining allegations in paragraph 46, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the

allegations and therefore denies them.

47. Answering paragraph 47, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 47.

48. Answering paragraph 48, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 and therefore denies them.

49. Answering paragraph 49, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 and therefore denies them.

50. Answering paragraph 50, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 50.

51. Answering paragraph 51, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 51.

52. Answering paragraph 52, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 52.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### Violations of California Rosenthal Fair Debt Collection Practices Act

### (California Civil Code § 1788.14(c))

53. Answering paragraph 53, Capital One hereby repeats and incorporates by reference its responses to all of the preceding paragraphs of the Complaint.

54. Answering paragraph 54, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 54.

55. Answering paragraph 55, Capital One contends that it constitutes a statement of law to which no response is required, as the statute speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant statute.

56. Answering paragraph 56, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 56.

57. Answering paragraph 57, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 57.

58. Answering paragraph 58, Capital One contends that it constitutes a statement of law to which no response is required, as the statute speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant statute.

59. Answering paragraph 59, Capital One contends that it constitutes a statement of law to which no response is required, as the statute speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant statute.

60. Answering paragraph 60, Capital One contends that it constitutes a statement of law to which no response is required, as the regulation speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant statute.

61. Answering paragraph 61, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 61.

///

///

///

## II.

## SECOND CAUSE OF ACTION

### Negligent and/or Willful Violations of the TCPA

### (47 U.S.C. § 227 et. seq.)

62. Answering paragraph 62, Capital One hereby repeats and incorporates by reference its responses to all of the preceding paragraphs of the Complaint.

63. Answering paragraph 63, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 63.

64. Answering paragraph 64, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 64.

65. Answering paragraph 65, Capital One contends that it constitutes a statement of law to which no response is required, as the cited caselaw speaks for itself. To the extent a response is required, Capital One refers Plaintiff to the relevant caselaw and denies any allegations inconsistent with the cited authority.

66. Answering paragraph 66, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 66.

67. Answering paragraph 67, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 67.

68. Answering paragraph 68, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 68.

69. Answering paragraph 69, Capital One contends that it is comprised of legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 69.

## PRAYER FOR RELIEF

With respect to the "Prayer for Relief" section of the Complaint, Capital One denies that Plaintiff is entitled to any of the relief that he seeks as against Capital One.

## DEMAND FOR JURY TRIAL

Capital One admits that Plaintiff purports to request a trial by jury; Capital One denies that Plaintiff is entitled to a jury trial against Capital One.

## AFFIRMATIVE DEFENSES

NOW WHEREFORE, having answered the Complaint and without assuming any burden of proof or burden not required by law, Capital One alleges the following affirmative and other defenses:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff failed to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, because Capital One cannot be held liable for any purported damages allegedly suffered by Plaintiff to the extent that such damages resulted from intervening causes and/or the acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of third persons over whom Capital One had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

4. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Capital One.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

6. Capital One acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is estopped from recovering from Capital One.

## EIGHTH AFFIRMATIVE DEFENSE

8. The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given consent. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number. Plaintiff consented to calls from Capital One. To the extent Capital One received consent to place collection calls featuring a prerecorded or artificial voice to a cellular telephone of Plaintiff through customer agreements, written or verbal statements, or otherwise, the claim is barred.

## NINTH AFFIRMATIVE DEFENSE

9. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred, in whole or in part, because Capital One had and/or reasonably relied upon the requisite consent to make the at-issue calls.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sufficiently alleged (nor can she prove) that Capital One willfully violated the TCPA.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, because Capital One

had no duty to Plaintiff, nor did it act fraudulent, recklessly, negligently, or unconscionably, or otherwise engage in any improper act in violation of any law that was an allegedly proximate cause of any injury to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Capital One acted in good faith and any violation by Capital One of the statutes alleged in the Complaint was not intentional and resulted (if at all) from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Specifically, Capital One maintains policies and procedures to ensure that it receives, reviews and processes communications from its consumers in a reasonable and timely manner and in accordance with its obligations under the law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff would be unjustly enriched if allowed to recover under the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Capital One is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations and, therefore, cannot be held liable for any alleged damages suffered by Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff cannot recover from Capital One under the Complaint to the extent that he has not alleged, or cannot maintain, an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. To the extent Plaintiff or Plaintiff's counsel communicated with Capital One unlawfully, deceptively, or in bad faith, such as by sending communications in a method and manner designed to cause confusion or delay and/or with the intent of avoiding contractual liability, such conduct bars recovery by Plaintiff in this case.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred, in whole or in part, due to the unfair

business practice of engaging in a pattern and practice of unlawful, unfair and fraudulent course of conduct, such as by sending communications in a method and manner designed to cause confusion or delay and/or with the intent of avoiding contractual liability.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Any damage or loss incurred Plaintiff as a result of any act or conduct by Capital One would be speculative and thus too uncertain for recovery.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff may have accounts with Capital One for which he owes money. Any amount sought to be recovered in this action is barred in whole or in part by any amounts that Plaintiff owes to Capital One.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Capital One alleges that if Plaintiff were damaged in any sum or sums alleged, which Capital One denies, generally and specifically, each and every averment contained in the Complaint, then the damages of Plaintiff are limited by California Civil Code § 1788 *et seq*.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. The TCPA does not provide for costs or attorney's fees for a successful action and, therefore, Plaintiff is not entitled to these amounts.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Capital One reserves the right to supplement its affirmative defenses as it continues with its factual investigation of Plaintiff's claims.

**WHEREFORE**, Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Judgment in favor of Capital One;

c. Award Capital One all costs, disbursements, and reasonable attorney fees allowed by law; and

DOLL AMIR & ELEY LLP

d. Grant Capital One any such further relief to which it may be entitled.

DATED: January 22, 2026

DOLL AMIR & ELEY LLP

By: */s/ Amy I. Borlund*
HUNTER R. ELEY
AMY I. BORLUND
Attorneys for Defendant,
CAPITAL ONE, N.A.